Nos. 19-MJ-4198-DHH, 19-MJ-4199-DHH

**AFFIDAVIT**

I am a Special Agent, Christopher J. Kefalas, Bureau of Alcohol, Tobacco, Firearms &

Explosives ("ATF"), being duly sworn, state:

1.       I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms

and Explosives (ATF), United States Department of Justice and have been so employed since

2015. I received a master's degree in Criminal Justice from Northeastern University in 2014 and

a bachelor's degree in Criminology from Stonehill College in 2012. I am responsible for the

investigation of violations of and the enforcement of federal firearms laws.  I am presently assigned

to the Bridgewater Field Office,  where I am one of a group of Special Agents who work with state

and local law enforcement to uncover violations of laws specifically related to firearms trafficking,

firearms possession by prohibited persons, and use of firearms in furtherance of drug trafficking

crimes, in southeastern Massachusetts.

2.       During my tenure with ATF, I have participated in dozens of investigations and have had

training in various aspects of firearms and narcotics investigations.  I have conducted surveillance,

worked with confidential informants, participated in investigations using court-authorized

interception of wire and electronic communications.  During my law enforcement career, I have

also participated in the preparation and execution of arrest warrants and search warrants.

3.       I submit this affidavit in support of application for the following search warrants:

    a.   To search the premises of 82 Carl Avenue, Brockton, MA ("82 Carl Avenue" or
        "Target Location"), as further described in Attachment A-1.  There is probable
        cause to believe that 82 Carl Avenue contains evidence, and instrumentalities of
        distribution of controlled substances, and possession of controlled substances, with
        intent to distribute, and conspiracy to commit those offenses, in violation of 21
        U.S.C. §§ 841(a)(1), 846.

    b.   To search a gray 2011 Honda Accord bearing MA license plate number 8NC799

for evidence of Hobbs Act robbery, in violation of 18 U.S.C. 1951(a), and evidence, and instrumentalities of distribution of controlled substances, and possession of controlled substances, with intent to distribute, and conspiracy to commit those offenses, in violation of 21 U.S.C. §§ 841(a)(1), 846, as specified in Attachment B-2.

4.     This affidavit incorporates by reference a signed affidavit, sworn and submitted in support of prior search warrant applications, Nos. 19-MJ-4148, 4149, and 4152.  This affidavit is attached as an exhibit to the instant affidavit, and the facts contained therein should be considered incorporated within this affidavit.  As such, this affidavit does not set forth the factual information concerning the underlying crime because that information is contained in the attached affidavit, Exhibit 1.

5.     The statements contained in this affidavit are based on my own investigation and on documents, and information provided to me by agents of the ATF, including Agent David Simmons, officers of the Brockton Police Department ("BPD"), Massachusetts State Police ("MSP") and Plymouth County Sheriff Department ("PCSD").  This affidavit is submitted for the limited purpose of establishing probable cause and therefore does not set forth all of the information that I and other law enforcement personnel have obtained during the course of this investigation.

6.     I have personally participated in the investigation of JAMES BODDIE, a convicted felon with a date of birth of xx/xx/1986. I have reviewed the criminal history and criminal convictions of BODDIE and determined BODDIE to have been convicted of the following:

- Possession of Controlled Substance with Intent to Distribute Cocaine, Plymouth Superior Court Docket #1783CR00112B;

- Felon in Possession of a Firearm, Boston Federal Court Docket #111038201;

- Possession of Controlled Substance Cocaine, Plymouth Superior Court Docket #1000690001;

- Possession Of Firearm without FID Card, Brockton District Court #0718CR009326B;

- Possession Class B Controlled Substance Crack Cocaine, Brockton District Court Docket #0715CR009326D;

- Distribution/Class B Cocaine, Brockton District Court Docket #0515CR007994A; and

- Possession Class B Controlled Substance, Brockton District Court Docket #0415CR004864A.

7.     On February 27, 2019, agents of ATF obtained a search warrant for 82 Carl Avenue, Brockton, MA (No. 19-MJ-4152-DHH).  That warrant specified a period of 14 days to execute the warrant. The warrant to search 82 Carl Avenue, Brockton, MA, and its curtilage, specified the following evidence to be searched-for and seized:

*All evidence, in whatever form, and tangible objects that constitute evidence, or instrumentalities of Hobbs Act robbery, and conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), including:*

1.     *Black winter hat*

2.     *Grey hooded sweatshirt with white logo on the left breast*

3.     *Grey sweatpants*

4.     *White sneakers*

5.     *[STRICKEN]*

6.     *The cellular phone with the 508-408-3998 phone number [(as amended)]*

7.     *Records and documents pertaining to T-Mobile*

8.     *Records and documents which reflect evidence of the conspiracy including: notes, cryptic or otherwise, communications, planning, preparation, flight and evasion from police, procurement of firearms and ammunition, the whereabouts of any conspirators, the identity of any co-conspirators, log books, ledgers, documents and photographs which reflect relationships between identified and/or unidentified co-conspirators to include personal telephone/address books, including electronic organizers and rolodexes, and financial instruments such as pre-pay and/or bank debit cards, credit cards, checkbooks, and any other financial instrument used to purchase goods and services*

3

9.      *Records and documents that establish the person or persons who have access, control, possession, custody or dominion over 82 Carl Avenue, Brockton, MA*

10.     *Records and documents that establish the person or persons who have access, control, possession, custody or dominion over the black winter hat, grey hooded sweatshirt with white logo on the left breast, grey sweatpants, white sneakers, and cellular phones located in the premises of 82 Carl Avenue, Brockton, MA*

8.      On March 13, 2019, the ATF, Brockton Police Department, and the Massachusetts State Police executed the federal search warrant at 82 Carl Street Brockton, Massachusetts. Upon making entry to the residence, law enforcement officers encountered multiple individuals, including James BODDIE and the girlfriend of BODDIE, located in the front left bedroom. BODDIE was detained by law enforcement as he was exiting the bed located in this bedroom while the girlfriend was detained still on the bed.

9.      Upon detaining BODDIE, investigators identified two cellular telephones on the headboard above the pillow of BODDIE and one cellular telephone on the headboard above the girlfriend of BODDIE.

10.     At that point, law enforcement personnel began conducting the search pursuant to the federal search warrant.  Law enforcement identified one of the cellular telephones above the pillow of BODDIE to be the cellular telephone listed within the federal search warrant.  Law enforcement then located a clear glassine bag under the pillow located on the portion of the bed formerly occupied by BODDIE. Within this clear glassine bag, investigators observed five knotted plastic bags containing a rock like white substance consistent, with my training and experience, to be cocaine base, also known as crack cocaine. Next to the clear glassine bag containing the knotted glassine bags, investigators located a straw and $40 of United States currency.  $35 was found in BODDIE's wallet.

11.     Next to the bed on the side once occupied by BODDIE, law enforcement observed multiple

4

shoeboxes and a paper bag which contained plastic sandwich bags consistent with narcotics distribution. Law enforcement also observed a digital scale within the dresser at the foot of the bed occupied by BODDIE in the top right drawer.

12.     The scene was frozen and law enforcement discontinued the search pending this issuance of this warrant.

13.     It should be noted, prior to the execution of the federal search warrant, the Brockton Police Department Narcotics Unit had an active investigation into BODDIE. This investigation included two separate controlled purchases of crack cocaine from BODDIE utilizing a confidential informant.[1] One of these controlled purchases took place at 82 Carl Street in Brockton, Massachusetts, on January 18, 2019.  The other controlled purchase came from BODDIE while he operated a gray 2011 Honda Accord bearing Massachusetts Registry of Motor Vehicles license plate number 8NC799, the Target Vehicle, on February 26, 2019.

14.      Before, and during the execution of the search warrant at 82 Carl Avenue in Brockton, Massachusetts, the gray 2011 Honda Accord bearing Massachusetts Registry of Motor Vehicles license plate number 8NC799 was/is parked within the driveway of 82 Carl Avenue, which is within the curtilage. This vehicle is registered to Dwayne SAMPSON, DOB: xx/xx/1976, of 82 Carl Avenue in Brockton, Massachusetts.

15.     At approximately 11:00 PM on March 12, 2019, Brockton Police observed the Target Vehicle parked at 82 Carl Avenue. At approximately 2:00 AM on March 13, 2019, Brockton Police

---

[1] The CI used in this investigation has a criminal record consisting of arrests for assault and battery, providing a false name, malicious destruction of property, felony larceny, and violation of an abuse prevention order, shoplifting, assault and battery by means of a dangerous weapon. The CI is receiving monetary benefits. The CI is not receiving any consideration on active criminal cases.

observed the Target Vehicle parked at 82 Carl Avenue.  At approximately 6:00 AM on March 13, 2019, Agent Simmons observed the Target Vehicle parked at 82 Carl Avenue, where it remained until the search warrant was executed at approximately 8:30 AM on March 13, 2019.

16.     I would also note that I am aware of Brockton Police report #17-555-AR, pertaining to the execution of a search warrant at an apartment located at 180-182 Green Street, Brockton, MA. That report stated that on August 13, 2018, three grams of crack cocaine were found in the apartment occupied by BODDIE, along with $240 in US Currency.

17.     While executing the search warrant Agent Simmons stood by the Target Vehicle.  Agent Simmons looked through the rear window of the Target Vehicle and observed two dufflebags that contained clothing, separate clothing on the floor of the rear of the vehicle, shoeboxes, and bank documentation on the seat.

18.     Agents were not yet able to locate the Black winter hat, Grey hooded sweatshirt with white logo on the left breast, Grey sweatpants, or White sneakers, specified in the search warrant in 82 Carl Avenue.  As such, there is probable cause to believe that at least one of the Black winter hat, Grey hooded sweatshirt with white logo on the left breast, Grey sweatpants, or White sneakers are present in the Target Vehicle.

## DRUG TRAFFICKERS' USE OF RESIDENCES GENERALLY

19.      Based upon my training and experience, as well as the training and experience of other law enforcement agents I have worked with, I am aware that it is generally a common practice for individuals who distribute controlled substances to maintain in their residences drugs, drug paraphernalia and records relating to their drug trafficking activities.  The drug scale and cut bags observed in the Target Location are evidence that it has been used for these purposes.

20.     Because individuals who distribute controlled substances in many instances will front (that

is, sell on consignment) drugs to their clients, or alternatively, will be fronted drugs from their suppliers, such record-keeping is necessary to keep track of amounts paid and owed, and such records will also be maintained close at hand so as to readily ascertain current balances.  Often individuals who distribute controlled substances keep pay and owe records to show balances due for drugs sold in the past and for payments expected by the trafficker's suppliers and the trafficker's dealers.  Additionally, individuals who distribute controlled substances must maintain telephone and address listings of clients and suppliers and keep them immediately available in order to efficiently conduct their drug trafficking business.

21.    Based upon my training and experience, I am also aware that it is generally a common practice for distributors of controlled substances to conceal at their residences sums of money, either the proceeds from drug sales or monies to be used to purchase controlled substances.  In this connection, drug traffickers typically make use of wire transfers, cashier's checks, and money orders to pay for controlled substances.  Evidence of such financial transactions and records relating to income and expenditures of money and wealth in connection with drug distribution would also typically be maintained in residences.

22.    I have participated in the execution of numerous search warrants at the residences of individuals who distribute controlled substances.  In a substantial number of residential searches executed in connection with the drug investigations in which I have been involved, drug-related evidence have typically been recovered, including controlled substances, controlled substances paraphernalia, and documents related to controlled substances distribution, such as books, records, receipts, notes, ledgers, and other papers relating to the purchase and/or distribution of controlled substances; cash, currency, and records relating to controlled substances, income and expenditures of money and wealth; documents indicating travel in interstate and foreign commerce.  I am also

aware that drug traffickers frequently possess and use firearms to protect their illegal drug businesses and store those weapons in their residences.

23.     In addition, I am aware that drug dealers, including BODDIE, typically possess cellular telephones in furtherance of drug dealing activities.  In particular, dealers often possess multiple telephones, using one or more phones for contact with customers and different phone or phones for contact with suppliers.

24.     In addition, during the course of such residential searches, I and other agents have also found items of personal property that tend to identify the person(s) in residence, occupancy, control, or ownership of the subject premises.  Such identification evidence is typical of the articles people commonly maintain in their residences, such as cancelled mail, deeds, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, statements, identification documents, and keys.

25.     My awareness of these drug distribution practices, as well as my knowledge of the drug use and distribution techniques as set forth in this Affidavit, arise from the following:

    a)    my own involvement in prior investigations and searches during my career as a law enforcement officer, as previously described;

    b)    my involvement on a number of occasions in debriefing confidential informants and cooperating individuals in prior investigations, as well as what other law enforcement agents and officers have advised me when relating the substance of their similar debriefings and the results of their own drug investigations; and

    c)    other information provided through law enforcement channels.

26.     Based upon all of the information I have obtained during the course of this investigation, and for the reasons more specifically set forth above, I submit that there is probable cause to believe

that evidence regarding illegal drug activities will be found in the Target Location and Target Vehicle.

27.     Based upon the foregoing, and based upon my training and experience, I submit that there is probable cause to believe that the Target Location, and the Target Vehicle which are more specifically described above, presently contain the items set forth above, and that those items constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, things otherwise criminally possessed, and property designed or intended for use or which is or has been used as the means of committing a criminal offense, specifically, violations of 21 U.S.C. §§ 841(a)(1) and 846.  Accordingly, I respectfully request that a search warrant be issued for the seizure of these items in the subject areas described.

Signed under the pains and penalties of perjury this 13th day of March, 2019.

_____
Special Agent Christopher J. Kefalas
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me this 13th day of March, 2019.

_____
HON. DAVID H. HENNESSY
CHIEF UNITED STATES MAGISTRATE JUDGE

9

## ATTACHMENT A-1

82 Carl Avenue, Brockton, MA, and any associated curtilage.

82 Carl Avenue, is a single story dwelling, with a driveway to the right of the structure and the numbers 82 on the structure to the left of the front door facing the street ("Target Location" or "82 Carl Avenue").   A wood fence runs along the property line and there is a green tent to the right of the structure at the end of the driveway.   A photograph of 82 Carl Avenue, Brockton, MA follows, incorporated herein by reference:



**ATTACHMENT B-1**
*DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED*

All evidence, in whatever form, and tangible objects that constitute evidence, or instrumentalities of  distribution of controlled substances, and possession of controlled substances, with intent to distribute and conspiracy to commit those offenses, in violation of 21 U.S.C. §§ 841(a)(1), 846 including:

1)      controlled substances, including fentanyl, heroin, cocaine, crack cocaine, and marijuana;

2)      paraphernalia for the packaging, processing and distribution of controlled substances such as crack cocaine, to include plastic bags and seals, scales, items use to cook crack prior to sale, and cellular telephones used to communicate with drug associates;

3)      Books, records, notes, ledgers, and any other papers or records relating to the purchase, transportation, shipment, ordering, sale, importation, manufacture, and/or distribution of controlled substances and/or records relating to the receipt, disposition, and/or laundering of proceeds from the distribution of controlled substances, such as heroin, and/or records or electronic devices reflecting the identity of co-conspirators and drug customers, as well as their addresses, telephone, and pager numbers.  Such documents include, but are not limited to, telephone address books, planners, receipts, state and federal income tax returns and supporting paperwork, notes, ledgers, bank records, money orders, wire transfers, cashier's checks, passbooks, certificates of deposit, bills, vehicle rental receipts, credit card receipts, hotel receipts, meal receipts, travel agency vouchers, travel schedules, shipment records, telephone bills and/or toll records and bills.

4)      Cash and currency, and other items of value made or derived from trafficking in illegal substances or documents related thereto.  Such items include, but are not limited to jewelry, precious metals, titles, deeds, monetary notes, registrations, purchase or sale invoices, bank records, or any other papers concerning financial transactions relating to obtaining, transferring, laundering, concealing, or expending money or other items of value made or derived from trafficking in illegal substances.

5)      Documents reflecting dominion and/or control of the Target Location, including, but not limited to, canceled mail, photographs, personal telephone books, diaries, bills and statements, videotapes, keys, identification cards and documents, airline tickets and related travel documents, bank books, checks, and check registers.

6)      Documents or tangible evidence reflecting dominion, ownership, and/or control over any bank accounts, safe deposit boxes, stocks, bonds, mutual funds, and any other financial and/or monetary assets, instruments or interests, and over any tangible assets such as motor vehicles, real property, and commercial storage facilities.

7)      ~~Documents reflecting dominion and/or control of the Target Location, including, but not limited to, canceled mail, photographs, personal telephone books, diaries, bills and statements,~~

2

videotapes, keys, identification cards and documents, airline tickets and related travel
documents, bank books, checks, and check registers.

8)      Documents or tangible evidence reflecting dominion, ownership, and/or control by
JAMES BODDIE over any bank accounts, safe deposit boxes, stocks, bonds, mutual funds, and
any other financial and/or monetary assets, instruments or interests, and over any tangible assets
such as motor vehicles, real property, and commercial storage facilities.

9)      Photographs of individuals, property, and/or illegal controlled substances.

10)     Any and all cellular telephones or cameras in the possession, custody, or control of
JAMES BODDIE, constituting evidence, or instrumentalities of violations of 21 U.S.C. §§
841(a)(1), and 846.

11)     Items of personal property that tend to identify the person(s) in control of the Target
Location and having ownership of items contained therein, including but not limited to cancelled
mail, leases, rental agreements, photographs, personal telephone books, diaries, utility and
telephone bills, statements, identification documents, and keys.

## ATTACHMENT A-2

A gray 2011 Honda Accord bearing MA license plate number 8NC799 (the "Target Vehicle"), currently located in the driveway of 82 Carl Avenue, Brockton, MA.

## ATTACHMENT B-2
### *DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED*

All evidence, in whatever form, and tangible objects that constitute evidence, or instrumentalities of Hobbs Act robbery, and conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), including:

1. Black winter hat

2. Grey hooded sweatshirt with white logo on the left breast

3. Grey sweatpants

4. White sneakers

5. Any cellular phone associated with JAMES BODDIE

6. Any cellular phone currently or historically associated with the 508-408-3998 phone number

7. Records and documents pertaining to T-Mobile

8. Records and documents which reflect evidence of the conspiracy including: notes, cryptic or otherwise, communications, planning, preparation, flight and evasion from police, procurement of firearms and ammunition, the whereabouts of any conspirators, the identity of any co-conspirators, log books, ledgers, documents and photographs which reflect relationships between identified and/or unidentified co-conspirators to include personal telephone/address books, including electronic organizers and rolodexes, and financial instruments such as pre-pay and/or bank debit cards, credit cards, checkbooks, and any other financial instrument used to purchase goods and services

9. Records and documents that establish the person or persons who have access, control, possession, custody or dominion over 82 Carl Avenue, Brockton, MA

10. Records and documents that establish the person or persons who have access, control, possession, custody or dominion over the black winter hat, grey hooded sweatshirt with white logo on the left breast, grey sweatpants, white sneakers, and cellular phones located in the premises of 82 Carl Avenue, Brockton, MA

All evidence, in whatever form, and tangible objects that constitute evidence, or instrumentalities of distribution of controlled substances, and possession of controlled substances, with intent to distribute and conspiracy to commit those offenses, in violation of 21 U.S.C. §§ 841(a)(1), 846 including:

2

1. controlled substances, including fentanyl, heroin, cocaine, crack cocaine, and marijuana;

2. paraphernalia for the packaging, processing and distribution of controlled substances such as crack cocaine, to include plastic bags and seals, scales, items use to cook crack prior to sale, and cellular telephones used to communicate with drug associates;

3. Books, records, notes, ledgers, and any other papers or records relating to the purchase, transportation, shipment, ordering, sale, importation, manufacture, and/or distribution of controlled substances and/or records relating to the receipt, disposition, and/or laundering of proceeds from the distribution of controlled substances, such as heroin, and/or records or electronic devices reflecting the identity of co-conspirators and drug customers, as well as their addresses, telephone, and pager numbers. Such documents include, but are not limited to, telephone address books, planners, receipts, state and federal income tax returns and supporting paperwork, notes, ledgers, bank records, money orders, wire transfers, cashier's checks, passbooks, certificates of deposit, bills, vehicle rental receipts, credit card receipts, hotel receipts, meal receipts, travel agency vouchers, travel schedules, shipment records, telephone bills and/or toll records and bills.

4. Cash and currency, and other items of value made or derived from trafficking in illegal substances or documents related thereto. Such items include, but are not limited to jewelry, precious metals, titles, deeds, monetary notes, registrations, purchase or sale invoices, bank records, or any other papers concerning financial transactions relating to obtaining, transferring, laundering, concealing, or expending money or other items of value made or derived from trafficking in illegal substances.

5. Documents reflecting dominion and/or control of the Target Location, including, but not limited to, canceled mail, photographs, personal telephone books, diaries, bills and statements, videotapes, keys, identification cards and documents, airline tickets and related travel documents, bank books, checks, and check registers.

6. Documents or tangible evidence reflecting dominion, ownership, and/or control over any bank accounts, safe deposit boxes, stocks, bonds, mutual funds, and any other financial and/or monetary assets, instruments or interests, and over any tangible assets such as motor vehicles, real property, and commercial storage facilities.

7. Documents reflecting dominion and/or control of the Target Location, including, but not limited to, canceled mail, photographs, personal telephone books, diaries, bills and statements, videotapes, keys, identification cards and documents, airline tickets and related travel documents, bank books, checks, and check registers.

8. Documents or tangible evidence reflecting dominion, ownership, and/or control by JAMES BODDIE over any bank accounts, safe deposit boxes, stocks, bonds, mutual funds, and any other financial and/or monetary assets, instruments or interests, and over any tangible assets such as motor vehicles, real property, and commercial storage facilities.

9. Photographs of individuals, property, and/or illegal controlled substances.

10. Any and all cellular telephones or cameras in the possession, custody, or control of JAMES BODDIE, constituting evidence, fruits, or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 846.

11. Items of personal property that tend to identify the person(s) in control of the Target Location and having ownership of items contained therein, including but not limited to cancelled mail, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, statements, identification documents, and keys.